IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AKEEM PAGE-JONES,  )
        Petitioner,  )
          )
        v.  )  Civil Action No. 17-1578
          )
          )
JOHN E. WETZEL, et al.,  )
        Respondents.  )

## MEMORANDUM AND ORDER

Presently before this Court is petitioner's motion for the appointment of counsel (ECF No. 4). This matter is before the Court for a determination of whether or not, under the facts and circumstances of this case, the Court should exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and request an attorney to represent petitioner in the prosecution of this action.

The petitioner, Akeem Page-Jones, an inmate at the State Correctional Institution at Camp Hill, has presented a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which he has been granted leave to prosecute without prepayment of costs against respondents, John E. Wetzel, the District Attorney of Allegheny County, Pennsylvania and the Attorney General of the State of Pennsylvania. In his petition, petitioner alleged that: the trial court erred in admitting autopsy photos, the court sentenced him to an unconstitutional de facto life sentence, there was insufficient evidence as to the cause of death and that he did not act under duress and ineffectiveness of trial counsel for failing to investigate his mental health records. On March 7, 2018, respondents filed an answer to the habeas corpus petition (ECF No. 13). The answer argues that the petition is untimely and that the claim are without merit in any event.

On June 27, 2018, petitioner filed a motion for leave to file an amended petition (ECF No. 16). That motion was granted and on July 16, 2018, petition filed an amended petition (ECF No. 18). In the amended petition, petitioner asserts that he only recently obtained his trial transcripts and he requests that the Court accept his amended issues, which are: 1A) ineffectiveness of trial counsel for failing to conduct an investigation and failure to challenge petitioner's statement; 1B) ineffectiveness of direct appeal counsel for failing to conduct an investigation and failing to challenge his statement; and 1C) ineffectiveness of PCRA counsel for failing to conduct an investigation and failing to challenge his statement (ECF No. 18-2).

In considering a motion for the appointment of counsel, this Court must determine whether or not to request counsel to represent this indigent litigant under the provisions of 28 U.S.C. § 1915(e)(1). Section 1915(e)(1) gives the Court broad discretion to determine whether appointment of counsel is warranted, and that determination must be made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

As a threshold matter the district court should consider whether the petitioner's claims have arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See Tabron, supra at 155. If the court determines that the claims have some merit, the court should then consider the following factors:

    1.    the petitioner's ability to present his or her own case;

    2.    the complexity of the legal issues;

    3.    the degree to which factual investigation will be necessary and the ability of the petitioner to pursue such investigation;

    4.    the amount a case is likely to turn on credibility determinations;

5. whether the case will require the testimony of expert witnesses; and

6. whether the petitioner can attain and afford counsel on his own behalf.

Parham v. Johnson, supra. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

After careful consideration of petitioner's allegations, it would appear that the appointment of counsel is not warranted and, therefore, his motion will be denied.

Initially, it does not appear with any degree of certainty that petitioner is setting forth a factual basis which demonstrates that he will ultimately prevail on the merits. Nevertheless, in considering factors one and two—the litigant's ability to present his case and the difficulty of the legal issues involved—it is clear that the issues presented in the petition are neither difficult nor complex, and nothing in the record indicates that petitioner is incapable of presenting his case. Similarly, the third consideration—the degree to which factual investigation will be necessary and petitioner's ability to conduct such investigation—does not weigh in favor of the appointment of counsel since petitioner's case will be decided based on the documents of record, namely the petition, the answer and the state court pleadings.

Further, while it may be that the credibility of the witnesses will be at issue in the case if an evidentiary hearing is held, it does not appear that the case will become a "swearing contest" nor does it appear that proper adjudication will require the testimony of an expert witness. Indeed, the only factor that seemingly weighs in petitioner's favor is the fact that he would be unable to afford to retain counsel on his own behalf as evidenced by his having requested and

been granted in forma pauperis status. This factor alone, however, does not entitle petitioner to appointed counsel but should be considered only when the other factors weigh in the petitioner's favor.

The Court does not intimate that petitioner would not benefit from appointment of counsel, but rather it appears that the appointment of counsel will not materially aid justice to such a degree as to warrant the exercise of the Court's discretion. Thus, until such time as a showing is made that the interests of justice require our exercise of discretion, the Court declines to do so. See Lassiter v. Dept. Social Services, 452 U.S. 18 (1981).

An appropriate Order will be entered.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AKEEM PAGE-JONES,  )
      Petitioner,  )
  )
v.  )  Civil Action No. 17-1578
  )
  )
JOHN E. WETZEL, et al.,  )
      Respondents.  )

O R D E R

AND NOW, this 19th day of July, 2018,

IT IS ORDERED that petitioner's request for the appointment of counsel is hereby denied, without prejudice.

                s/Robert C. Mitchell_____
                ROBERT C. MITCHELL
                United States Magistrate Judge

cc:    Akeem Page-Jones
        LE-6014
        SCI Camp Hill
        PO Box 200
        Camp Hill, PA 17001